CASE 27—PETITION EQUITY—JANUARY 14.

# Roberts vs. Drinkard.

APPEAL FROM KENTON CIRCUIT COURT.

In a proceeding in equity against a non-resident, to attach a debt alleged to be owing to him from one made a defendant to the action and summoned as a garnishee—where it appears that the amount of such debt and the period at which it will become payable are uncertain, depending upon a future contingency—the court can in relation thereto only make such interlocutory order, in the form of an injunction, or otherwise, as will protect the rights of the plaintiff, retaining control of the case for such further and final judgment as the facts afterwards to be developed, and shown by additional pleadings, may authorize.

MENZIES & PRYOR, for appellant.

MOOAR & O'HARA, for appellee.

JUDGE DUVALL DELIVERED THE OPINION OF THE COURT:

This was a proceeding in equity to attach a debt alleged to have been owing by Roberts to R. P. Drinkard, on the ground that the latter was a non-resident. Roberts was not only summoned as a garnishee, but was made a defendant in the action, and answered as such. His answer disclosed substantially this state of fact: That he had bought from Drinkard his interest in a tract of land which had been owned by his father, supposed to contain 144 acres, in which the interest of Drinkard was one-twelfth part undivided, subject to the claim of the widow to dower; that Roberts was to pay for this interest $40 per acre, of which he had paid $200, and was to pay the balance "whenever the defendant got title and possession of the said interest, at which time the exact quantity of the land would be known; the defendant will owe his co-defendant about $280 more on said land when he gets title and possession, if the land holds out 12 acres, as they suppose it will."

The plaintiff admitted the truth of this answer, and thereupon, without other proof, the court rendered a judgment, in which, after ascertaining the amount of the plaintiff's demand, it is recited that "defendant, Roberts *will be* indebted

to defendant Drinkard in a larger sum than the above, but the same is not yet due, therefore it is adjudged that defendant Roberts pay to plaintiff his debt and costs, and when paid the same to be in discharge of the plaintiff's demand," &c. "Plaintiff shall not have execution until further order."

This judgment is fatally erroneous.

1. The case was not in a condition, at the time of the submission, for any final order or judgment. The amount of the debt which Roberts would owe Drinkard, and the period at which it would become payable, were uncertain, both depending upon the future contingencies stated in the answer.

It is clear, then, that the court had no power to render a personal and final judgment against the defendant for a fixed and certain sum, which was not then due, and might never become due, according to the record as it then stood. The court in such a state of case, could have done nothing more than to make such interlocutory order in the form of an injunction or otherwise, as would have protected the rights of the plaintiff, retaining control of the case for such further and final judgment as the facts afterwards to be developed, and shown by additional pleadings, might have authorized. The error is not cured by the provision made in the judgment that the plaintiff should not have execution until further order. The judgment was unauthorized, and therefore prejudicial to the rights of Roberts, and the order for execution might have been made at any time without notice to him. He is therefore entitled to a reversal of the judgment.

2. His response to the rule presented a valid defense. According to a fair and equitable construction of his contract with his vendor, Roberts can only be held bound to pay for one-twelfth of the aggregate value of the 93¾ acres of land, at the price of $40 per acre. This construction of the contract is consistent with its terms, and with the evident intention of the parties. Roberts is also entitled to a deduction for the rents claimed to have been received by Drinkard, and also for a reasonable attorney's fee, and of course will be liable for the one-twelfth of the part allotted to the widow for dower when he shall obtain the title and possession.

Both the judgments are therefore reversed, and the cause remanded for further pleadings, preparation, and proceedings in conformity with this opinion.