## COMMONWEALTH *vs.* SAMUEL GOULD.

Suffolk. March 22. — Sept. 6, 1875. AMES & DEVENS, JJ., absent.

In an action by the Commonwealth against a surety upon the official bond of a receiver of an insolvent insurance company, conditioned that the principal shall faithfully conduct himself in his office as receiver, faithfully perform its duties as required by law, and in obedience to the directions of the court, and truly and faithfully account for and pay over the moneys of the company coming to his hands, a previous order of a single justice of this court passed upon an application of the attorney general, after due proceedings and a full hearing, that the principal is in default and that a certain sum is due from him, is competent evidence both of a breach of the bond and of the amount for which the surety is liable.

The condition of the bond of the receiver of an insolvent insurance company was that he should truly and faithfully account for and pay over the moneys of said company which should come into his hands. *Held,* that his omission to pay, to himself as receiver, money which he had borrowed of the company before his appointment, was a breach of his bond, for which he and his sureties were liable.

In an action by the Commonwealth against a surety upon the official bond of a receiver of an insolvent insurance company, the fact that the receiver rendered, as such, valuable services for which he became and was entitled to compensation, the amount of which has not been determined is not competent evidence to reduce the amount of the surety's liability.

CONTRACT against the defendant as a surety upon the bond of John W. Cartwright, as one of the receivers of the Hide & Leather Insurance Company, appointed December 2, 1871, together with Chester I. Reed and Oliver H. Cole, upon an application of the insurance commissioners, under the Gen. Sts. c. 58, § 6, by the decree which is copied in the margin.*

---

* This cause came on to be further heard this term before said court, and the parties appeared and their proofs and arguments were heard ; whereupon, it appearing that said respondent corporation is insolvent, and that its further proceeding would be hazardous to the public, on consideration thereof it is ordered, adjudged and decreed as follows; namely, that the injunction heretofore issued in said cause be and the same is hereby made perpetual ; that Chester I. Reed, John W. Cartwright and Oliver H. Cole be and they are hereby appointed receivers, with authority to take possession of the property and effects of said corporation and take charge thereof ; to collect the debts due to said corporation ; to pay all debts due from said corporation, if the funds coming to their hands are sufficient therefor, and if not, to distribute said funds ratably among the creditors of said corporation who duly prove their claims ; and if there is any balance left in their hands after paying the debts as aforesaid, to pay and distribute the same to and among the persons legally entitled thereto : all under the further directions of this court. And

The bond was executed upon the same day, by John W. Cartwright as principal, and Samuel Gould and another as sureties, to the Commonwealth of Massachusetts in the sum of $15,000, with this condition: " The condition of the above obligation is such, that whereas said John W. Cartwright has been appointed one of the receivers of the Hide & Leather Insurance Company, of Boston, by the Supreme Judicial Court: Now therefore if the said John W. Cartwright shall faithfully conduct himself in said office, shall faithfully perform its duties as required by law and in obedience to the directions of said court, and shall truly and faithfully account for and pay over the moneys of said compan: which shall come into his hands, then this obligation to be void; otherwise of full force and virtue."

Chester I. Reed having afterwards died, and James C. Davis having been appointed one of the receivers of the company, the attorney general, on November 28, 1873, filed in the cause the following paper signed by him: "And now the attorney general informs the court that John W. Cartwright, one of the receivers heretofore appointed in said cause, has been guilty of gross negligence and malfeasance in the duties of his said office: wherefore the attorney general moves that said Cartwright be removed from his said office, and for such other decree in relation thereto as the nature of the case may require." Cartwright thereupon had notice to appear and was fully heard before *Devens, J.*, who on December 13, 1873, passed an order by which, after reciting that it had

---

to these ends the said receivers shall have power to prosecute and defend suits in their own names or in the name of said corporation, and to do all other acts which might be done by said corporation, if in being, for the purpose of settling any unfinished business thereof. And the said corporation and its officers, servants and agents are hereby commanded forthwith to deliver to said receivers all assets, funds, securities, evidences of property, and all property of any kind or nature belonging to said corporation. It is further adjudged and decreed that said corporation, except for the purposes hereinbefore stated, be and the same is hereby dissolved. It is further ordered and decreed, that each of said receivers shall give a bond to the Commonwealth, with sureties satisfactory to the clerk of this court, and approved by him, in the sum of fifteen thousand dollars. And it is further ordered that said cause shall be retained for further directions.

By the order of John Wells, Esq., one of the justices of said court.

December 2, 1871. George C. Wilde, Clerk

been made to appear that Cartwright was indebted to the receivers of the company in the sum of $13,565.97, for cash lent to him by the company and cash withdrawn by him for his personal use from the assets in the hands of the receivers, and for interest thereon, in accordance with a statement of account which was annexed to this order, and is copied in the margin,* it was "ordered and decreed, upon motion of the attorney general, the said John W. Cartwright having been fully heard by counsel upon the said motion, that the said Cartwright pay into the hands of James C. Davis, one of the receivers of the said company, to be adminis-

---

\* John W. Cartwright

To the Receivers of the Hide & Leather Insurance Company Dr.

1871.

Dec.  2, To cash borrowed by you from said company Nov. 30, 1870 . . . . . . . . $150 00
"  30, To cash from said receivers . . . . 295 00

1872.

| Jan. | 2, | " | " | . . . . . | 150 | 00 |
| " | 13, | " | " | . . . . | 7,450 | 00 |
| " | 31, | " | " | . . . . . | 50 | 00 |
| Feb. | 12, | " | " | . . . . | 450 | 00 |
| " | 29, | " | " | . . . . . | 110 | 00 |
| " | 29, | " | " | . . . . | 335 | 00 |
| Mar. | 23, | " | " | . . . . . | 75 | 00 |
| " | 30, | " | " | . . . . | 50 | 00 |

"  31, To amount of your note to said company due this day  1,500 00
Apr.  1, To cash from said receivers . . . . 150 00

| " | 30, | " | " | . . . . | 270 | 00 |
| May | 8, | " | " | . . . . | 200 | 00 |
| " | 20, | " | " | . . . . | 100 | 00 |
| June | 1, | " | " | . . . . | 50 | 00 |
| " | 5, | " | " | . . . . | 263 | 44 |
| " | 27, | " | " | . . . . | 100 | 00 |
| July | 20, | " | " | . . . . | 125 | 00 |
| " | 29, | " | " | . . . . | 200 | 00 |
| Aug. | 22, | " | " | . . . . | 150 | 00 |

$12,223 44

1873.

Dec. 13, To interest on balance at 6 per cent. per annum to date . . . . . . . . 1,342 53

$13 565 97

tered as part of the assets of the said company," the said sum of $13,565.97, on or before December 17, 1873, together with interest at the annual rate of six per cent. on the sum of $12,223.44 from the date of this order to the date of payment.

Upon the representation under oath of James C. Davis, filed December 18, 1873, that Cartwright had failed and neglected to comply with this order, and that the aforesaid account was prepared from the books of the receivers and was just and true, and that the withdrawal and appropriation of money had not been at any time directed or authorized by this court, notice was issued to Cartwright to appear and show cause why an attachment should not issue against him for contempt, as well for the disobedience of the order, as for an unlawful appropriation of the assets of the company to his own use. On January 3, 1874, upon hearing and examination, Cartwright was adjudged guilty of the contempt alleged, and to suffer six months' imprisonment; and this decree was affirmed by the full court on appeal. 114 Mass.

The present action upon the bond was brought in this court on March 10, 1874, and was heard without a jury by *Morton, J.,* who made a report thereof to the full court in substance as follows :

In proof of the breach of the condition in the bond, the Commonwealth offered in evidence the order of December 13, 1873, directing Cartwright to pay the sum of $13,565.97 into court. The defendant objected to its competency; but the judge admitted it, and reserved the question for the full court.

The only question of fact heard and determined was one of payment. The judge found that there was a breach of the bond, and having entered a judgment for the penalty, a hearing was had to determine the amount due. At this hearing the Commonwealth offered in evidence the same order of December 13, 1873. The defendant objected to its admission; but the judge admitted it, reserving the question of its competency for the full court.

It appeared that Cartwright, before his appointment as receiver, had been the president of the company; that on November 30, 1870, he borrowed of the company the sum of $150.00, and gave the company his check therefor; that on September 28, 1871, he borrowed of the company the sum of $1500.00 and gave the company his promissory note therefor, payable in six months,

with twenty-five shares of stock in a corporation, as collateral security, which stock now and ever since the maturity of the note had no market value; and that neither the check nor the note had ever been paid. The Commonwealth contended that the defendant, as surety on the bond of Cartwright, was answerable for the payment of the check and note; and the judge reserved the question for the determination of the full court.

It further appeared that Cartwright, on January 13, 1872, drew from the funds of the company in the hands of the receivers the sum of $7,450. In relation to this item the defendant offered to show that Cartwright on that day, in concert with his co-receivers, Reed and Cole, each drew from the funds of the company in their hands as receivers the sum of $7,450.00, on account of and as a part of their compensation as receivers, all believing at the time that it was legal and proper for them so to do. The defendant further offered to show that Cartwright, while acting as such receiver, rendered valuable services, for which he became and was entitled as such receiver to a reasonable compensation. And the defendant claimed the right to have such sum deducted from any sums charged to Cartwright as receiver of the company, and to have the benefit of the same in this action. But the judge declined to admit the evidence, on the ground that the defendant had no right to such allowance or deduction in this action.

Execution was to be awarded for such sum as the full court might determine, or the case stand for a new hearing, as the court might order.

C. Allen & J. C. Davis, for the Commonwealth.

B. F. Thomas & H. C. Hutchins, for the defendant. 1. The object of the proceeding against the receiver was not to settle the rights of property as between him and the creditors of the company, or the Commonwealth. It was a summary process for removal from office, and lays no foundation for any other proceeding. It was a mere motion to remove an officer of the court for malfeasance in office. Viewed as a proceeding in equity, no case whatever is stated in it.

The order was not a final decree of a single justice in equity, as to rights of property within the provisions of the Gen. Sts. c. 113, § 8; c. 68, § 38. No execution could have been issued upon it. The only mode of enforcing it, if valid, was by punishment

for contempt. The order does not assume to settle a final ac count, or any account, between the Commonwealth and the receiver. In effect, it finds only that the receiver has unlawfully withdrawn funds from the assets, and that he is indebted to the company in his private capacity, and orders him to pay over these sums to one of the receivers, to be administered as part of the assets of the company. The decree does not deal with set-offs, legal or equitable. It does not assume to decide the amount for which Cartwright, or the surety on his bond, would be finally liable. The debit side only was regarded. So far as concerns money withdrawn, the order might have been made, although upon the adjustment of accounts Cartwright had a large balance against the receiver. The order, in any view, was irregular and invalid. Cartwright was ordered not merely to pay over the moneys of the company which had come into his hands, but money which had not come into his hands, money which he owed in his private capacity only. There was nothing in the allegation or motion to lead the court to such inquiry. This order made *alio intuitu*, being neither final decree nor account, was not, if valid, competent evidence to charge the surety. Yet it was, in fact, the only evidence to prove eighteen items of the account, amounting, to over three thousand dollars. The surety could be charged only with the amount due from Cartwright in equity and good conscience, that is, the balance due after all just and equitable claims of Cartwright, including that for services rendered, had been allowed. Gen. Sts. *c*. 133, § 10.

2. The defendant, as surety, is not answerable for the indebtedness of the principal for money borrowed of the company before his appointment as receiver. The obligation of the surety is merely for the fidelity of the principal in the duties of his office as receiver, and "to account for and pay over the moneys of the said company, which shall come into his hands," and he is not bound to pay his indebtedness to the company. The cases where it has been held that the surety on a bond of an administrator is liable to pay the indebtedness of the administrator to the estate are not applicable, by reason of the difference between the office of a receiver and that of an administrator. An administrator takes in his own right, while a receiver is merely an officer of the court. The reason given by the court, in the cases

decided, why an administrator must charge himself with his indebtedness to the estate, is because he has nobody to pay but himself, and because he cannot sue himself. These are admitted to be technical reasons, and lead to hardship, and ought not to be extended, and the court have refused to apply them, unless compelled so to do. These reasons do not apply to the case of a receiver. The court might order a suit brought in the name of the corporation, or the other receivers.

3. The defendant, as surety, has a right to the benefit of any credit or allowance to which the principal would have been entitled in a hearing upon this bond, and if this had been an action against the principal, he would have been entitled to the benefit of a proper allowance or deduction, for his services as receiver. The Gen. Sts. c. 133, §§ 9, 10, provide that, in a hearing upon a bond, " the court shall award an execution for so much of the penal sum as is then due and payable in equity and good conscience, for the breach of the condition or other non-performance of the contract." The defendant is entitled to the same defence in this suit at law, upon the bond, that he would be entitled to in equity. *Baker* v. *Briggs*, 8 Pick. 122. There is no principle of law or equity, which forbids reasonable compensation to the receiver, because he has, without the authority of the court, under a mistaken apprehension of his rights and duties, drawn from the funds in his hands a sum to which he thought he was entitled, as compensation. The evidence offered by the defendant was of a character to repel any idea or suggestion of fraud in the conduct of the principal.

GRAY, C. J. The condition of the bond given by John W. Cartwright as one of the receivers of the Hide & Leather Insurance Company was in accordance with the decree appointing him, and was that he should faithfully conduct himself in his office as receiver, faithfully perform its duties as required by law and in obedience to the directions of the court, and truly and faithfully account for and pay over the moneys of the company which should come into his hands.

The sum of $13,565.97 was ascertained to be due from and ordered to be paid by the receiver by an order of a justice of this court, after due proceedings and a full hearing. 1 Smith's Ch. Pract. 646. *Cartwright's case*, 114 Mass. . No motion

having been made by the receiver or his sureties to set aside or vary that order, it is competent evidence against his sureties as well as himself, both of a breach of his bond, and of an amount due from him upon such breach, for which they are responsible. *Paine* v. *Stone,* 10 Pick. 75. *Heard* v. *Lodge,* 20 Pick. 53, 58. *Beall* v. *New Mexico,* 16 Wall. 535. *Dawson* v. *Raynes,* 2 Russ. 466. *Ludgater* v. *Channell,* 15 Sim. 479.

The receiver was obliged by his bond to account for the money borrowed by him from the corporation before his appointment. and his omission to pay the amount thereof to himself as receiver was a breach of the bond, for which he and his sureties are equally liable. The case falls within the general rule of law, that when the same person is liable to pay money in one capacity, and to recover it and account for it in another, the law presumes that he has done what it was his duty and within his power to do, and holds him and his sureties responsible in case of his failure to do it. The rule has been applied by this court to cases of executors and administrators, assignees in insolvency and guardians. *Ipswich Manufacturing Co.* v. *Story,* 3 Met. 310, 313. *Leland* v. *Felton,* 1 Allen, 531. *Choate* v. *Arrington,* 116 Mass. 552. *Benchley* v. *Chapin,* 10 Cush. 173. *Mattoon* v. *Cowing,* 13 Gray, 387. It does not depend upon the title which the principal obligor takes in the property, but upon his duty to collect and account for it. A receiver indeed holds the property, not in his own right, but as the officer and representative of the court. *Davis* v. *Gray,* 16 Wall. 203. *Hills* v. *Parker,* 111 Mass. 508. But that affords no reason for holding him or his sureties to a less degree of responsibility.

The question, what compensation, if any, is due to this receiver, can only be determined in the cause in which the receivers were appointed. The fact that such compensation had not been determined could not be availed of in this action, otherwise than by a motion to postpone until further proceedings could be had in that cause. At the hearing of the present action, it could not affect the amount for which the defendant should be held liable. If anything should be hereafter ordered to be paid to the receiver, by way of compensation or otherwise, his sureties may present a petition to this court sitting in equity to have the amount applied to

their indemnity.   *Glossup* v. *Harrison*, 3 V. & B. 134 ;  *S. C*
Coop. 61.   *Brandon* v. *Brandon*, 3 De G. & J. 524.
            *Judgment for the Commonwealth for the whole sum.*