NORTHRUP NATIONAL BANK, *Appellee*, v. S. C. VARNER, *Individually and as Receiver*, and THE BANKERS SURETY COMPANY, *Appellants*.

No. 16,571.

SYLLABUS BY THE COURT.

1. RECEIVER'S BOND—*Obligees—Parties Entitled to Sue.* A receiver's bond running to parties named and "all persons interested or having an interest in the property" may be availed of by one who loaned money, upon the order of the court, to care for and preserve the property placed in the custody of the receiver.

2. ———— *Failure to Pay Money as Directed by the Court—Liability of Receiver and Surety.* The bond further provided that the receiver should perform the trust imposed and make due report of his trust to the court, as ordered by it, and make true account of all moneys and property which should come into his hands. *Held*, that when the receiver failed to

pay over money in his hands, as directed by the court, there was a breach of the bond, for which the receiver and his surety were liable.

3. —— *Order of Distribution—Evidence against Surety of Receiver's Default.* The finding and judgment of the court as to payment and distribution of the fund in the action in which the receiver was appointed is competent evidence in the action on the bond to show the default of the receiver and the breach of the conditions of the bond.

4. FEES AND SALARIES — *Receivers — Discretion of the Court.* The compensation of the receiver for his services, when payment of it shall be made, and from what funds, is largely within the discretion of the court by which he was appointed, and it does not appear that there was an abuse of that discretion in this instance.

Appeal from Allen district court; OSCAR FOUST, judge. Opinion filed June 11, 1910. Affirmed.

*Charles H. Apt,* for S. C. Varner; *T. F. Garver,* and *R. D. Garver,* for the Bankers Surety Company.

*Baxter D. McClain,* for the appellee.

The opinion of the court was delivered by

JOHNSTON, C. J.: This was an action by the Northrup National Bank against S. C. Varner and the Bankers Surety Company, the surety on the bond given by Varner as receiver. In an action involving an oil-and-gas lease which included several oil wells, Varner was appointed receiver, and in compliance with an order of the court gave a bond in the sum of $1000, signed by the Bankers Surety Company. The receiver took charge of the oil wells and other property, and in order to carry out his trust it was found necessary to borrow money. On the authority of the court he borrowed $300 from the Northrup National Bank and gave a receiver's note for the amount. To meet other demands he obtained authority from the court to borrow a further sum of $500, and this amount was also obtained from the bank. On the representations of the receiver the

court allowed him to borrow more money from the bank and to renew the loans previously made. This was done, and all of the loans were included in a single note, which, with the accrued interest, amounted to $1150. Subsequently a judgment was rendered in favor of the appellant in the action in which Varner was appointed receiver, and soon afterward the receiver, in pursuance of an order of the court, filed an itemized report, in which he asked $1740 as compensation for his services, and also other sums for expenditures which he had made. Upon a contest the report was modified to some extent. He was allowed compensation in the sum of $1400 for his services up to May 22, 1906, and it was provided that he should proceed to close up the trust by September 22, 1906, and that he should receive $100 per month from May 22 to September 22, 1906. The property remaining was sold on November 14, 1906, for $1625, and the sale was confirmed. In the final report the receiver charged himself with $2308.77. He also reported as unpaid claims against the estate his salary as receiver, two small judgments, a claim for attorney's fees, and the amount due the Northrup National Bank. In his report the receiver asked that he be allowed to take his compensation in full out of the money in his hands, but the bank which had loaned the money filed exceptions to the report and asked that the receiver be directed to pay first its claim for the money borrowed from it. A trial was had on the exceptions, and the court found that the receiver had on hand for distribution $2338.77; that there were claims against the estate due the bank, one for borrowed money and interest thereon, amounting to $1232.50, an unpaid judgment of $19.86, another unpaid judgment of $223, attorney's fees of $100, and the receiver's compensation up to date of $2100. It was found that the claims against the estate exceeded the amount of money on hand for distribution in the sum of $1336.59. The court ordered and adjudged that

the money borrowed from the bank should be first paid, and that the balance of the funds remaining in the receiver's hands should be applied *pro rata* to the claim of the receiver for salary and attorney's fees, and that if any balance remained after the liquidation of these claims it should be applied *pro rata* to the payment of the judgments mentioned. No appeal was taken from this order and judgment. Although subsequent steps were taken to compel compliance with the judgment of the court, the receiver is still in default. The present action was begun against Varner individually and officially, and also against the surety on his bond, and a judgment in favor of the bank resulted.

It is contended by appellants that the bank is not within the protection of the bond. It recites that the obligors "are held and firmly bound unto the said Missouri & Kansas Oil & Gas Company, the Summerset Oil Company, Jacob Geiger and William E. Stringfellow, their successors and assigns, and all persons interested or having an interest in the property." The contention is that "persons interested or having an interest in the property" covers only parties whose property passed into the custody and control of the receiver, and that the bank, which loaned money to the estate, is not within the terms or meaning of the bond. This is too narrow a construction of its provisions. The protection and management of the property or fund was the purpose for which the receiver was appointed. Everyone who contributes to the trust funds, either in labor or money, under the direction of the court, is interested in that fund and property. A party found by the court to be entitled to a share of the trust fund is interested in it. The bank, which loaned its money to the receiver with the approval of the court, and in that way added to the fund, is as much interested in the property or fund as the one from whom it was transferred to the receiver. Parties who contributed to the fund, as the bank did, after the bond was given could

not be definitely named in it, and, contemplating that others might become interested in the fund, the bond was made to run to certain parties and their assigns and all others interested or having an interest in the property of the estate.  The bank is entitled to avail itself of the bond and to maintain the action to enforce the liability which has arisen upon it.

It is further contended that the failure of the receiver to pay the money as the court ordered is not a breach of the bond.  The bond recites:

"Now, if the said S. C. Varner shall well and truly perform the said trust imposed, and make due report of his said trust to the court, as ordered by it, and make true account of all moneys and property which shall come into his hands by reason of said appointment, then this obligation shall be null and void.  Otherwise to remain in full force and effect."

When the receiver failed to pay over the money as the court directed he failed to perform his trust as the bond required, and a liability upon the bond arose.  He was an officer of the court, and undertook to care for and manage the trust as the court should direct, and when he failed to comply with its orders in closing up the trust there was a breach of the bond, for which he and his surety were liable.

It is said that the judgment of the court as to the distribution of the fund is not conclusive against the surety.  It is not necessary to inquire whether the surety is concluded by that judgment.  It was at least competent evidence in the action against the surety to show the default of the receiver and the breach of the bond.  (*Commonwealth v. Gould,* 118 Mass. 300; Beach, Receiv. [Ald. ed.] § 201.)  In this action the surety was a party and had the opportunity to contest the question, and the court, presumably on sufficient testimony, has found and adjudged that there was a breach of the bond and that the principal and surety were liable on it for specific amounts.

It is contended further that the claim of the receiver

for compensation is entitled to priority over that of the bank for the money loaned by it. The amount of compensation to be awarded by the receiver and the manner of payment are largely discretionary with the court under whose authority he acts. The statute relating to receivers makes no specific provision as to these matters. Attention is called to section 542 of the code of 1909, which authorizes a judge to make allowance for the compensation of receivers and others in proceedings in aid of execution and to tax the same as costs. The statute which treats generally of receivers, regulating their appointment and the disposition of property and funds which come into their hands, makes no such provision. The section referred to, therefore, has no application in cases like this one. In the absence of statutory regulation the compensation of a receiver, including the time of payment and the source from which it shall be derived, is a matter within the discretion of the court whose officer he is. The court, having its eye directly upon the receiver, and knowing as it did whether he was faithful and efficient in the performance of his duties, is in a better position to determine questions relating to compensation than is an appellate court. In most cases courts will give the claims of receivers for compensation and disbursements preference over those of other claimants, and will authorize the payment of the same out of the funds on hand, but the court in this instance determined otherwise. The nature of the services rendered and the promptness and integrity of the receiver in rendering them—his disposition to observe and comply with the orders of the court under which he was acting—may have affected the discretion and judgment of the court, and in view of all the circumstances we can not say that the discretion was abused.

The item of costs collected by the receiver belonged to the estate which he was managing. He is responsible for that money, and the surety is liable for his default

Smith v. Insurance Co.

in accounting for it or in failing to pay it over in accordance with the order of the court.

There is nothing material in the objections made by Varner, and we see no reason to disturb the judgment of the trial court against either party. It is therefore affirmed.