## LIABILITY ON A RECEIVER'S BOND.

Hamilton County Court of Common Pleas.

WM. J. LEONARD, RECEIVER OF THE AMERICAN BONDING & CAS-
UALTY CO. v. HOWARD F. EVANS AND THE MASSACHUSETTS
BONDING & INSURANCE COMPANY.

Decided, February 12, 1923.

*Liability for a Debt Due to an Insolvent—Where the Debtor has been
Appointed Receiver of the Insolvent—Action Lies against the
Surety of the Receiver.*

Where a debtor to a person or corporation is appointed receiver of such
person or corporation, the debt becomes by operation of law a chose
in possession, failure to account for which is a breach of the bond
of the receiver and will support an action thereon against both
the principal and the surety.

*Dinsmore, Shohl & Sawyer,* and *F. B. McConaughy,* attor-
neys for plaintiffs.

*William Thorndyke* and *A. L. Luebbers,* attorneys for de-
fendants.

MATTHEWS, J.

This is an action by the acting receiver against his predeces-
sor and the surety company upon the bond given by him for
the faithful performance of his duties as receiver.

It appears, although not very definitely, that the defendant,
Howard F. Evans, was, prior to his appointment as receiver,
supervising general agent of the American Bonding & Casualty
Company, and as such came into possession of a check belonging
to that company, upon which he drew the money, and at the
time of his appointment as receiver in this action he was in-
debted on that account in the sum of $2,528.57, to the American
Bonding & Casualty Company, of whose assets he was appointed
receiver. He acted as receiver from February 11th. to April
20th, 1921, when he resigned, and the plaintiff was appointed
as his successor.

This action is brought by the plaintiff on the theory that the
indebtedness from the defendant Evans to the corporation, of
whose assets he was appointed receiver, became upon his ap-
pointment a chose in possession, and that his failure to account

for the amount constituted a breach of the condition of the bond given, and therefore a liability exists against both the principal and the surety thereon. Acting upon this theory, service was made upon the surety within this county, and the principal was served with summons in Franklin County, and the cause now comes before the court upon the demurrer of Howard F. Evans, the former receiver, and the principal in the bond, on the ground that the petition does not state facts sufficient to constitute a cause of action.

It was suggested by counsel for plaintiff upon argument that this demurrer should be overruled, because in any event the principal would be liable upon the original indebtedness, but it seems to the court that it is not possible to dispose of the demurrer upon that ground for the reason that the whole theory of the plaintiff, as disclosed by the allegation of the petition, is to state a cause of action upon the receiver's bond, and no where is disclosed an intention to state a cause of action upon the original indebtedness; the plaintiff's theory being, as disclosed by the allegation, that the amount represented by the indebtedness at the time of the defendant's appointment as receiver, became assets in the hands of the receiver, and in pursuance of that theory the plaintiff joined the surety upon the bond, who would not be liable upon the original indebtedness, and furthermore, secured jurisdiction upon the defendant Evans by the service of summons in a county other than Hamilton, which would not be justified on the theory that the action was upon the original indebtedness.

The demurrer, therefore, seems to the court to raise the question of whether or not a liability exists upon a receiver's bond for an indebtedness due by the receiver at the time of his appointment to the persons or corporation of whose assets he is appointed receiver. So far as the court has been able to ascertain, this point has never been adjudicated in Ohio.

By section 10691, General Code, the surety upon an executor's bond is made liable for any indebtedness due from the executor to the estate at the time of the appointment. It appears, however, that that section is simply a codification of the law as it existed at the time of its enactment. As early as 1829, it had been held in *Bigelow* v. *Bigelow*, 4 Ohio, 138, that:

"When the obligor in a bond becomes administrator of the

obligee, the bond is suspended, and the debt due becomes assets in the hands of the debtor, as administrator.''

And it appears that even at that early time, the court regarded the question as well settled, for at page 148, it said:

''It is now a well settled principle that if a creditor make his debtor executor, it is not absolutely an extinguishment of the debt, but remains as assets in his hands.   *   *   *   It is, however, *quasi* a release at law, because he can not be sued. The same rule must apply to administrators who can not sue themselves any more than executors.   Both are trustees; the one under the law, the other by the appointment of the testator.''

*Bigelow* v. *Bigelow, supra,* was approved in the case of *Hall* v. *Pratt,* 5 Ohio, 73, where the court says at page 82:

''The granting administration of an estate to one indebted to the intestate, is an extinguishment of the debt. The chose in action becomes converted into a chose in possession, and is transmitted, by the mere operation of law, which is equivalent to judgment and execution.''

After the decision of the foregoing cases the Legislature enacted the law expressly enacting that an executor's debt should be assets in his hands, and thereafter the Supreme Court had before it the case of *Tracy* v. *Card,* 2 Ohio St., 431, again involving the question of the effect of the appointment of a debtor as executor or administrator, and after reviewing the cases that had gone before, the court at page 450 says:

''We are also referred to the administration law of 1840, which treats the debt of an executor as assets of the estate, and makes him liable therefor, as for so much money in his hands at maturity; and it is argued that this provision was enacted in order to introduce a new rule.   But it clearly introduced no new rule, as the cases cited abundantly show. It is only one out of many provisions in that act, in which the previous law is embodied in the form of a statute.''

The Supreme Court in the more recent case of *McGaughey* v. *Jacoby,* 54 Ohio St., 487, at 497 and 498, again calls attention to the fact that it was the common law of this state, that upon the appointment and qualification of a debtor as executor of his creditor's estate, the debt became assets to be treated as so much money in his hands. See *Yakey* v. *Strunk* 7, N. P. (N.S.), 177.

And in *James* v. *West, Admr.,* 67 Ohio St. 28, the court held that notwithstanding the statute only applies to executors it would still adhere to the previously announced attitude of the court that it was the common law of Ohio that administrators as well as executors were chargeable with any indebtedness they might have owed the estate at the time of the appointment as though it were that amount of money in their hands, saying at page 50:

"As this court in *McGaughey* v. *Jacoby,* 54 Ohio St., 487, held that the sureties of an insolvent executor were liable for such assets, it must follow that the sureties of an insolvent administrator are also liable, because upon that question there is no difference in principle between the two, and no distinction can be made."

The cases thus far referred to all have relation to executors and administrators. It is well known to the profession that the law relating to decedents estates was adopted largely from the law of Massachusetts, and it will be found by an examination of the cases of *Bigelow* v. *Bigelow, supra* and *Hall* v. *Pratt, supra,* that the court in reaching the conclusion that the debt of an executor or administrator was assets to be treated as money grounded the decisions largely upon Massachusetts cases.

It therefore is pertinent to consider whether or not the courts of Massachusetts have applied the principle to the liability upon a receiver's bond, and it seems that the courts of that state have uniformly held that the same principle applies.

In the case of *Commonwealth* v. *Gould,* 118 Mass., 300, it was held as stated in the syllabus:

2. The condition of the bond of the receiver of an insolvent insurance company was that he should truly and faithfully account for and pay over the moneys of said company which should come into his hands. *Held,* that his omission to pay, to himself as receiver, money which he had borrowed of the company before his appointment, was a breach of his bond, for which he and his sureties were liable."

The opinion was written by Chief Justice Gray, who subsequently became Associate Justice of the Supreme Court of the United States, and at page 307, he discusses the question involved and cites the Massachusetts cases showing the extent of the

application of the principle to different classes of trustees appointed by the courtts.

In High on Receivers, 4 Ed., Section 130a, the rule is stated in this language:

"And in such an action the omission of the receiver to pay to himself as receiver money which he had borrowed from the corporation before his appointment is a breach of the condition of his bond, for which the sureties are liable."

What is this principle which the courts have applied? It is that a debtor having accepted an appointment to act as the agent of the court in enforcing the liability against himself, taken an oath to faithfully discharge his duties as such agent or trustee and given bond to faithfully discharge such duty, and all remedy against him having been suspended, the court applies the presumption that he has performed his official duty as he swore to do and paid his debt, and it thereby in law became an asset in his hands to be accounted for, and failure so to do constituted a breach of the condition of his bond.

This reasoning is equally applicable to administrators, executors, assignees and receivers. No logical distinction has been suggested.

A rather careful search of the digests has failed to disclose any authority contrary to those cited, and in view of the recognition of the principle from the earliest times in Ohio, that the appointment or designation of a debtor to administer under the order of the court the estate of his creditor, thereby reduced the debt to possession and made it assets in his hands, and in view of the fact that the Ohio courts in adopting this principle, cited among others, the Massachusetts cases in its support, and the courts of that state having applied to receivers as well as executors, administrators and assignees, the court is of the opinion that the law of Ohio is, that upon the appointment of a receiver, the debt then due by the receiver to the creditor, of whose assets he is appointed receiver, becomes a chose in possession to be treated as money, and the failure of the receiver to account therefor constitutes a breach of the receiver's bond, for which the surety, as well as the principal thereon, is liable.

For the foregoing reasons the demurrer is overruled.