PEOPLE, *ex rel.* HOPKINS, *v.* REYNICK.

1. CORPORATIONS—RECEIVERS—INSOLVENT CORPORATIONS—POWER OF RECEIVER TO REACH ASSETS.
    The receiver of an insolvent corporation has full power to reach the assets which could be reached by any creditor, and while he represents the insolvent as far as collection and conservation of its assets are concerned, in his hands

---

[1]Corporations, 14a C. J. §§ 3232, 3248.

all those claims become assets which are assets as to creditors as well as those which are assets as to the insolvent corporation.

2. FRAUDULENT CONVEYANCES—SALES—SALE WITHOUT OBSERVANCE OF BULK SALES LAW VOID AS TO CREDITORS OF SELLER.

Where a sale is made in bulk without observance of the provisions of the bulk sales law, it is void as against creditors of the seller (2 Comp. Laws 1915, § 6346), and the purchaser is accountable to the creditors for the property received by him or the proceeds thereof (section 6348).

3. RECEIVERS — CORPORATIONS — BREACH OF BOND — PRINCIPAL AND SURETY.

Where the property of an insolvent corporation was sold without observance of the provisions of the bulk sales law (2 Comp. Laws 1915, §§ 6346-6348), and the purchaser was afterwards appointed receiver of the corporation and gave a bond conditioned upon the faithful performance of his duties as such, his omission to account for the proceeds of the sale was a breach of his bond for which he and his sureties were equally liable.

Error to Saginaw; Snow (Ernest A.), J. Submitted October 13, 1927. (Docket No. 114.) Decided December 1, 1927.

Assumpsit by the people of the State of Michigan, on the relation of John Hopkins, receiver of the J. C. Vogt Sales Company, against Charles J. Reynick as surety on a bond. Judgment for plaintiff on a directed verdict. Defendant brings error. Affirmed.

*A. Elwood Snow* (*Rockwith & Braun,* of counsel), for appellant.

*Pierson & McLaughlin,* for appellee.

FLANNIGAN, J. The J. C. Vogt Sales Company, a domestic corporation located at Saginaw, was engaged in the retail sale of cash registers. Defendant was its secretary, a member of its board of directors, and

---

[2]Fraudulent Conveyances, 27 C. J. § 885; [3]Receivers, 34 Cyc. pp. 462, 506.

a creditor to the extent of $13,252.20.   On or about October 9, 1919, he, representing the company, sold its entire stock, furniture and fixtures in bulk to one William H. Murphy, an employee of the company, for $10,000, which represented its fair market value at the time, and received in payment therefor Murphy's individual note for $10,000.   Again acting for the company, defendant indorsed the Murphy note to himself and credited the company with the face thereof on its indebtedness to him.   At the date of the sale the company was hopelessly insolvent.   It is conceded that in making the sale the provisions of the bulk sales law (2 Comp. Laws 1915, §§ 6346-6348) were violated.

On October 14, 1919, less than a week after the sales were made, a majority of the directors of the company filed a petition, alleging its insolvency and praying for its dissolution and appointment of receiver.   In the schedule of assets attached to the petition the property sold Murphy was not included.   On the filing of the petition, Murphy was appointed temporary, and on November 24, 1919, when a decree was entered dissolving the corporation, permanent receiver.   Upon his appointment as permanent receiver he gave a bond in the sum of $3,000.   This bond was signed by the defendant as surety and the condition thereof was as follows:

"Now, therefore, the condition of this obligation is such, that if the said William H. Murphy shall well and faithfully and according to the direction of the said court, do and perform all and singular his duties as such permanent receiver, and whenever required so to do by the said court duly account for all moneys and assets and whatever he shall receive or have in charge as such receiver, and shall pay out, apply and dispose of the same as he may be directed from time to time by the said court, and obey such orders as the court may from time to time make in relation to the said trust, and in all respects faithfully discharge the

duties of the said trust, then this obligation to be void, otherwise in force."

. Murphy sold and disposed of the property.   He did not include the proceeds in his report as receiver or account therefor although ordered by the court to do so.   When his successor demanded he do so, he refused.

On petition of a creditor, Murphy was removed as receiver and John Hopkins appointed to succeed him. Hopkins, as receiver, filed a bill against Murphy and others, alleging the intention of the sale to him was the defeat of creditors and that it was void as to them for that reason and also because it was made contrary to the provisions of the bulk sales law, and praying for a money decree against Murphy for the value of the property.   The court held both grounds established, the sale void as to creditors, and ordered Murphy to pay the receiver $10,000.   From that decree no appeal was taken nor has any part of it been paid.   Defendant was not made a party to that suit.

Thereafter this suit was brought against defendant as surety to recover the penalty of the bond on the theory the condition had been violated by the failure of Murphy, the principal, to account for the property or its proceeds.   On the trial no issue of fact was presented by the evidence and both sides moved for a directed verdict.   A verdict was directed in favor of plaintiff for $3,000, the full penalty of the bond and judgment thereon was entered in due course.   The case is here on writ of error sued out by the defendant.

If Murphy, as receiver, was bound to account for the property, or its proceeds, transferred to him, his failure to do so constituted a breach of the condition of the bond and the defendant as surety thereon became liable according to its tenor and effect.   The question, therefore, upon which the case must turn, is whether Murphy as receiver was so bound.

The receiver has full power to reach the assets of a dissolved corporation which could be reached by any creditor. *Jacobs* v. *E. Bement's Sons,* 161 Mich. 415. While he represents the insolvent as far as collection and conservation of its assets are concerned, in his hands all those claims become assets which are assets as to creditors as well as those which are assets as to the insolvent corporation. *Detroit Trust Co.* v. *Goodrich,* 175 Mich. 168 (Ann. Cas. 1915A, 821).

Where a sale is made in bulk without observance of the provisions of the bulk sales law, the same is void as against creditors of the seller (2 Comp. Laws 1915, § 6346), and the purchaser is accountable to the creditors for the property received by him or the proceeds thereof (2 Comp. Laws 1915, § 6348). From the moment the property was delivered to Murphy he held it subject to the rights of creditors. It was his duty to pay the proceeds thereof to himself as receiver.

*Commonwealth* v. *Gould,* 118 Mass. 300, is a case directly in point. After holding the receiver was obligated by his bond, which in material substance was similar to the bond in the instant case, to account for moneys borrowed by him from the corporation before his appointment; and his omission to pay the amount thereof to himself as receiver was a breach of the bond for which he and his sureties were equally liable; that court said:

"The case falls within the general rule of law, that when the same person is liable to pay money in one capacity, and to recover it and account for it in another, the law presumes that he has done what it was his duty and within his power to do, and holds him and his sureties responsible in case of his failure to do it."

The judgment is affirmed, with costs of this court to appellee.

SHARPE, C. J., and BIRD, FELLOWS, WIEST, CLARK, and McDONALD, JJ., concurred. The late Justice SNOW did not sit.