## CHARLESTOWN.

AUVIL *v.* IAEGER.

Submitted January 23, 1884—Decided September 20, 1884.

1. In proceedings by the commissioner of school lands, under the statute—chapter 134 Acts 1872-3—for the sale of forfeited lands for the benefit of the school-fund, the former owner of such lands, having no rights to be affected and no interest in the lands or the proceedings for the sale, is not entitled to be made a party in the circuit court; and if he is inadvertantly made a party in that court, that will not give him the right of appeal to this Court.

2. The syllabus in *McClure* v. *Maitland, supra,* approved and applied.

The facts of the case are stated sufficiently in the opinion of the Court.

*J. W. Davis* and *J. H. Ferguson* for appellants.

*J. M. French* for appellee.

SNYDER, JUDGE:

H. C. Auvil, the commissioner of school lands tor McDowell county, at the April term, 1881, of the circuit court of said county, filed his petition in said court for the sale of a tract ot one hundred and fifty thousand acres of land, situate in said county, for the benefit of the school-fund, alleging therein, that said land had been returned delinquent in the names of William R. Iaeger and A. J. Ulman for the non-payment of the taxes thereon for the year 1873, and sold therefor and purchased by the State; that the Auditor, pur-

suant to law, had certified, among others, this tract of land
to the clerk of the county court of said county to be sold for
the school-fund; that said Iaeger and Ulman were non-resi-
dents of the State and that said land had become forfeited
and irredeemable; and prayed that the said former owners
and others who appeared to be interested therein, might be
summoned to appear and answer said petition and that said
land might be sold for the benefit of the school-fund in the
manner prescribed by law.

At the same term an order was made directing that process
be issued against the defendants to appear at the next term
to show cause, if they can, why said land should not be sold,
&c.    The process issued and was published against the de-
fendants as non-residents.

Orders and decrees of sale and confirmation of sales were
made in the cause at the July and November terms, 1881,
and at the April and October terms, 1882, a part of the land
was laid off in parcels less than six hundred and forty acres
each, and sales of such parcels, aggregating eight thousand
seven hundred and forty-six acres, were made by the said
school commissioner, all of which were confirmed by the
court.    At the April term, 1882, the defendants, Iaeger and
Ulman, appeared and filed their petition for a re-hearing of
the decrees entered in the cause; and also filed an answer to
the plaintiff's petition.    At the October term, 1882, they
filed their petition to have the decrees reviewed and reversed,
and the sales made set aside.    The court upon the hearing
denied the relief asked in each of the said petitions and dis-
missed the same, and thereupon the said defendants, Iaeger
and Ulman appealed to this Court.

I have deemed it unnecessary to give any extended state-
ment of the facts presented by the record in this cause or of
the various objections raised to the proceedings by the appel-
lants in the court below and insisted upon in the argument
before this Court, for the reason that every material question
presented by this cause was presented and has been fully
considered and passed upon by this Court in the cause just
decided of *William B. McClure, commissioner, &c.,* v. *Joseph
Maitland et al.*

In that case, *McClure* v. *Maitland,* we decided, that the

proceedings for the sale of forfeited lands for the benefit of the school fund under our statute, chapter 134 Acts 1872–3, are not judicial, but administrative in their character; nor are they technically proceedings either *in rem* against the land, or *in personam* against the former owner; that such lands are the absolute property of the State and she alone has any interest in the proceedings for their sale; that the effect of the fifth section of article 13 of our Constitution, giving to the former owner of such lands the surplus proceeds of the sale over the taxes, &c., is a gratuity and his claim thereto is confined to such proceeds, and no lien upon or interest in the land or the proceedings for its sale is conferred by said provision upon such former owner; and that having no interest in, or lien upon the land or the proceedings for its sale, he is not entitled to be a party to the proceedings for the sale; and consequently he has no right to appeal to this Court.

The reasons for the conclusions thus reached are set out fully in the opinion of the court in the said cause, and instead of repeating them here, reference simply is made to that opinion.

The fact that the appellants, under a misapprehension of the law, were summoned before the circuit court and permitted to be heard in the cause in which they had no interest or rights and to which the law did not authorize them to be made parties, could not legally make them parties or entitle them to appeal in this Court for the correction of any supposed errors committed by the circuit court. Having no rights or interests involved, they could not be prejudiced by any such errors, and therefore, could not complain of or appeal from them.

The appellants then having no right to appeal, this Court has no jurisdiction to consider the matters attempted to be presented by them; and therefore, this appeal must be dismissed as having been improvidently granted.

DISMISSED.