# CHARLESTON

## CERANTO v. TRIMBOLI.

Submitted June 17, 1907. Decided January 14, 1908.

1. JUDGMENT—*Office Judgment—Setting Aside—Affidavit.*

A counter affidavit tendered by a defendant in an action of debt with his plea for the purpose of setting aside an office judgment is sufficient if it substantially complies with the requirements of the statute. (p. 342.)

2. SAME—" *Terms.*"

The use of the word " terms" in such an affidavit instead of the statutory word " demand". does not vitiate the affidavit, it being clear that it was used as the equivalent of " demand," although, in doing so, the affiant misused the word. (p. 343.) •

3. WORDS AND PHRASES—*Rule of Determining Meaning of Words.*

The meaning of a word is to be determined by reference to its subject-matter, the nature of the instrument in which it is found, and the other words with which it is associated. (p. 343.)

4. JUDGMENT—*Office Judgment—Setting Aside.*

A counter affidavit for the setting aside of an office judgment, denying, first, indebtedness in the specific sum named in plaintiff's affidavit, and, then, indebtedness in any sum whatsoever, does not impliedly admit any indebtedness. It must be treated as a consistent whole, not as two contradictory clauses, there being no conflict or repugnancy in the words used. (p. 344.)

Error to Circuit Court, Randolph County.

Action by Rosina Trimboli Ceranto aganist Vincenzo Trimboli. Judgment for plaintiff. Defendant brings error.

*Reversed. Remanded.*

C. H. SCOTT, for plaintiff in error.

JAMES A. BENT, for defendant in error.

POFFENBARGER, PRESIDENT:

In the circuit court of Randolph county, Rosina Trimboli Ceranto, an infant suing by her next friend, recovered a judgment against Vincenzo Trimboli, for $351.75, in an action of debt, to which judgment a writ of error was allowed.

The final order seems to stand upon the theory of an office judgment made final by operation of law under the statute. It recites that the defendant had been duly served with process more than thirty days prior to the date thereof; that the case had been properly docketed; that an affidavit of the plaintiff had been filed with the declaration from which it appeared that the amount for which judgment was rendered was due; and that the defendant had failed to appear or plead to the action. But there had been some earlier proceedings in the case, in view of which it must be determined, whether there was an office judgment, and, at the date of the final order, a judgment in law which it was only necessary to enter upon the order book. The summons had been made returnable to rules held on the first Monday in December, 1905, and the declaration filed at January rules, 1906; and at the next term of court, held in April, 1906, the defendant appeared and tendered, and was permitted to file, two pleas, *nil debet* and payment, accompanied by his affidavit saying ": there is not, as he verily believes, due and unpaid from him as the defendant to Rose Trimboli Ceranto the plaintiff in the action at law pending in the circuit court of Randolph county, West Virginia, upon the terms stated in the said declaration including principal and interest, after the deduction of all payments, credits and sets-off made by him and to which he is justly entitled to the sum of $351.75, or indeed any sum whatsoever," to which pleas the plaintiff replied generally, and the case was continued.

On the 13th day of September, 1906, the plaintiff, con-. ceiving the affidavit to be defective, by leave of the court, withdrew her replication and moved the court to strike out the pleas, which motion was sustained, and thereupon the defendant, having excepted to the rejection of his pleas, moved the court to allow him to enter a demurrer to the declaration, which motion being overruled, he moved to dismiss the action, and, in support of this motion, was allowed to file a statement of the father of the plaintiff, her natural guardian, to the effect that the debt in question had been paid, accompanied by three receipts purporting to establish the truth of the statement. This motion was likewise overruled, but the defendant was allowed to make the statement and receipts parts of the record. Thereupon, the final order was entered.

The affidavit accompanying a plea to set aside an office judgment, predicated on a declaration supported by an affidavit, showing the amount due, must be to the effect that there is not, as the defendant verily believes, any sum due from him to the plaintiff upon the demand or demands stated in the plaintiff's declaration, or, if the defendant cannot swear that nothing is due, he may state a sum certain, less than that stated in the affidavit of the plaintiff, which, as he verily believes, is all that is due from him upon the demand or demands stated in the declaration. Code, chapter 125, section 46. This statute does not prescribe the form of the affidavit. It simply sets forth the requisites thereof in law. Any words other than those used in the statute which mean the same thing would make the affidavit certain. It would be a denial under oath that there is anything due, or that more is due than a certain amount, less than the sum stated in the affidavit filed with the declaration, and would, therefore, amount to a substantial compliance with the requirement of the statute. What reason could there be for demanding more than this? Nothing more could be demanded of the defendant upon any ground other than mere technicality. The affidavit, fairly read and construed, denies that there is anything due from the defendant. It first denies that the specific sum demanded is due and unpaid, and then that any sum whatever is due and unpaid. All this is qualified by the phrase "upon the terms stated in

the said declaration." Had the word "demand" or the word "demands" been used instead of "terms," the affidavit would contain the exact language of the statute. The signification we must look for is not the meaning of the word considered in the abstract. It has been applied to a subject matter and used in connection with other words. Both the subject matter and the associated words indicate the sense in which it was used; and, if by the aid of these, we can see that it has but one meaning, reasonably certain and not likely to mislead, and the thing so stated is that which the statute says shall be stated, as a condition precedent to the setting aside of an office judgment and the filing of pleas, we are bound to say it is sufficient. The word "term" sometimes expresses the nature of an estate in land, but it was clearly not used in that sense in the affidavit, a paper having no relation to land or any estate therein, and referring to another paper, the declaration, which does not relate to anything of that kind. The word "terms" sometimes means conditions, agreements, covenants or stipulations, as when we speak of the terms of an offer or a sale or some other transaction. *Hutchinson* v. *Lord*, 1 Wis. 281; *Hurd* v. *Whitsett*, 4 Col. 77. We often speak of the terms of a statute, a letter or other instrument, meaning the words thereof. *Walsh* v. *Mehrback*, 5 Hun. (N. Y.) 448. It is utterly impossible that the word, as used here, could mean any of these things. Tested by its subject matter and the context, as to its meaning, it is obvious that it was used for the statutory word demand. Such use of it may have been merely inadvertent, but that is wholly immaterial if it expresses the intent. We may say it is a misuse of the word, but that does not destroy the intention. The intention is deducible, not from that word, but from that word and all the other words of the instrument and the subject matter thereof. The instrument itself, with that word in it, cannot be intelligently read without making the word "terms" the equivalent of the word "demand." Hence, the intention is plain and the affidavit is certain in meaning, as much so as if it had used the word "demand" instead of "terms." Any other meaning, accorded to it in the connection in which it is used, would make the use thereof an absurdity.

In the brief, an alleged admission of indebtedness, arising from denial of indebtedness in the specific sum named, is urged against the sufficiency of the affidavit. We are unable to perceive the alleged admission. If denial as to the specific sum stood alone, it is by no means clear that it imples an admission of indebtedness in a smaller or different amount; and, when read in connection with the other clause of the instrument, denying indebtedness in any sum whatsoever, no possible room is left for the existence of such an implication. If, on reading the first clause, it appeared, it would disappear on the reading of the second, completing the instrument and making it a consistent whole, not two separate contradictory papers or clauses of the same paper. A mere implication is never raised, nor can it stand, against written words.

Our conclusion, therefore, is that the affidavit substantially conforms to the requirements of the statute and is sufficient, and that the court erred in striking out the pleas, as well as in rendering the judgment complained of. That the error in striking out the pleas is ground for reversal of the judgment is plain, for that judgment would never have been entered if that error had not been committed. If the pleas had not been stricken out, the judgment would have followed a hearing on an issue and could not have been a judgment by default. It is an elementary principle of the law of appellate procedure, that the court will go back to the first error committed and set aside all subsequent proceedings.

For the reasons stated, the judgment will be reversed with costs, and the case remanded.

*Reversed. Remanded.*