# CHARLESTON.

## TOWN OF CAMERON *v.* HICKS, ADM'R.

Submitted September 9, 1908. Decided April 20, 1909.

1. PLEADING—*Rules of Construction.*

   In their general nature, the rules of interpretation and construction, applicable to pleadings, are the same as those pertaining to other writings and documents. (p. 487.)

2. SAME—*Construction—Repugnancy.*

   If terms, used in a declaration, signify, in the abstract, something different from what they mean when read with the context or as a part of the whole instrument, they are to be taken in the latter sense. To vitiate a pleading, on the ground of repugnancy, the conflict or inconsistency must be irreconcilable. If the intent is clear, nice exceptions are ignored. (p. 487.)

3.  Executors and Administrators—*Action Against—Declaration—Sufficiency.*

    Though, in charging an administrator in respect to a debt made by his decedent, it is usual to allege that he detains, or owes and detains, the money, the omission of the word "detains" and use of the word "owes" only, do not vitiate a declaration, charging the defendant as administrator and setting forth facts, imposing liability in a representative capacity only. (p. 488.)

4.  Municipal Corporations—*Officers—Action on Bonds—Declaration—Allegation of Demand.*

    In an action by a municipal corporation on the bond of an officer thereof, for the recovery of money, received by him *virtute officii,* it is not necessary to aver presentation to him for payment of an order, drawn for the amount, or service upon him of a copy of an order, made and entered by the council, requiring him to pay it, unless such mode of procedure is prescribed by a statute or ordinance, or stipulated in the contract. (p. 488.)

5.  Same.

    As the custody of public funds by municipal officers partakes of the nature of a bailment for hire, a demand for payment is a condition precedent to a right of action for the money, but, in the absence of a prescribed or stipulated form of demand, it suffices to aver any facts, showing authority in the defendant to pay, and a desire on the part of the plaintiff for payment, known to the defendant. (p. 489.)

6.  Same.

    In such case it is sufficient to aver the making and entry of an order by the town, requiring payment of the money and notice thereof on the part of the officer. (p. 490.)

7.  Same.

    As a municipal corporation can move, in respect to such matters, only through its council or governing tribunal, acting as a body, the declaration should allege the making of an order to pay. (p. 491.)

8.  Same—*Sufficiency.*

    Though inartistic and variant from good form, an averment that the town, not its council, made an order or passed an ordinance, is sufficient. (p. 491.)

9.  Pleadings—*Declaration—Inconsistent Allegations.*

    If there be joint liability on the part of a defendant and others, in respect to duty, but, for some reason, disclosed by the declaration, a separate right of action against him, allegations, applicable to all, concerning the duty, and others, applicable to

the defendant only, pertaining to the remedy, are neither inconsistent nor objectionable on demurrer. (p. 491.)

10. Depositaries—*Public Money—Insurer.*

For reasons of public policy, the custodian of public money is held liable and must account therefor as a debtor or insurer, notwithstanding the relation, subsisting between him and the state or municipality, is substantially that of bailment for hire, and no loss of the fund, otherwise than by an act of God or the public enemy, will relieve him from the obligation to pay it. Loss by fire, theft, burglary, bank failure or the like does not relieve him, however careful and prudent he may have been. (p. 492.)

Error to Circuit Court, Marshall County.

Action by the Town of Cameron against John A. Hicks, as administrator of the estate of C. Y. Benedum, deceased. Judgment for plaintiff, and defendant brings error.

*Affirmed.*

C. C. Newman, for plaintiff in error.

McCamic & Clarke, for defendant in error.

Poffenbarger, Judge:

The town of Cameron recovered a judgment against John A. Hicks, as administrator of the estate of C. Y. Benedum, for the sum of $3,484.77, in an action of debt in the circuit court of Marshall county, on a submission thereof to the court in lieu of a jury.

The overruling of the demurrer to the declaration, rejection of a certain plea, and the finding on the evidence, are the subjects of complaint. The grounds of demurrer are: (1) the charge is that the defendant owes, not that he detains or owes and detains; (2) the allegation, respecting the making and service of an order, requiring the decedent to pay over the money, are insufficient.

Tested by the facts, the declaration sets forth liability in a representative capacity only. According to these, the town issued and sold its bonds for sewerage purposes and placed the proceeds thereof in the hands of T. C. Pipes, Clell Nichols and A. E. Fox, whom it had appointed its bond commissioners. Benedum, the decedent, became surety on the bond of Fox in the penalty of $4,000.00, the condition whereof was that Fox should faithfully perform the duties of bond commissioner and account

for and pay over all money that should come into his hands by virtue of his office. Some of the counts say he received, as such commissioner, $3,300.00, and others that he, Pipes and Nichols, as such, received $10,000.00, and charge, as a breach of the condition, the non-payment by Fox, of $3,255.56, part thereof, after demand therefor. There is no suggestion of a *devistavit* and the charge is that the defendant owes the money as administrator. It, therefore, imports an obligation in that capacity, and no other, to pay it. Strictly and technically speaking, he detains the money. The word "owes," standing alone, would have a broader meaning, but it must be read in connection with other parts of the declaration. Its true meaning, as used in that instrument, is determined, not by its form or signification in the abstract, but by the context. In their general nature, the rules of construction, applicable to pleadings, are not materially different from those pertaining to other documents or writings. It is true everything must be taken most strongly against the party pleading, but this maxim is operative only when two meanings present themselves. If, on a fair and reasonable interpretation of the words used, no ambiguity appears, it has no application. 1 Chitty on Pleading (11th Ed.) 237 says: "But in applying this maxim, the other rules must be kept in view, and particularly those relating to the degree of certainty or precision required in pleading. The maxim must be received with this qualification, that the language of the pleading is to have a reasonable intendment and construction; and where an expression is capable of different meanings, that shall be taken which will support the declaration, &c. and not the other, which would defeat it. * * * But if it *be clearly capable* of different meanings, it does not appear to clash with any rule of construction, applied even to criminal proceedings, to construe it in that sense, in which the party framing the charge must be understood to have used it, if he intended that his charge should be consistent with itself. * * * And if, where the sense may be ambiguous, it is sufficiently marked by the context, or other means, in what sense they were intended to be used, no objection can be made on the ground of *repugnancy,* which only exists where a sense is annexed to words which is either absolutely inconsistent therewith, or being apparently so, is not accompanied by anything to explain or define them. If the case be clear, nice exceptions ought not

to be regarded." We applied this principle in *Ceranto* v. *Trimboli,* 63 W. Va. 340. From what has been said, it must be apparent that the use of the word "owes" and the omission of the word "detains" constitute nothing more than a formal defect, if, indeed, any at all. It amounts to a departure from the customary form of allegation, an immaterial matter, if the declaration is sufficient in substance and certain to a "certain intent in general."

The allegation, as to the order to pay over the money, is, that the town of Cameron on a certain day, made an order requiring the three commissioners, not Fox alone, to pay it to the town sergeant, naming him, and that the latter had notice thereof. The first and second counts say Fox alone received $3,300.00, while the third charges all three with $10,000.00. As to the first and second, an order binding all three would bind Fox, for the fund in his possession was subject to the control and disposition of the council, and, in a certain sense, his custody thereof and action relating thereto, were the custody and action of all three. In both of these counts, it appears that these three persons were named in the ordinance, authorizing the issuance and sale of the bonds, as commissioners to dispose of them and receive the proceeds, in pursuance of which the bond sued on was executed. This made them joint commissioners and the acts of each were *prima facie* the acts of all in respect to the management and control of the fund under the direction of the council. The third count is consistent with the charge. It charges all with the receipt of $10,000.00 and the issuance of an order requiring all to pay it over.

In respect to the averments of notice and demand for payment, the criticism is more difficult to answer. The first count says the bond commissioners and the administrator had notice of the making of the order and that the money had been demanded of Fox and his administrator; second, that Fox had notice of the making of the order and that the money had been demanded of him as bond commissioner; and the third, that he had notice of the making of the order and the sum of $10,000.00 had been demanded of the bond commissioners. In none of them is it charged that the order to pay over, made by the council, was presented to, or served upon, any of the commissioners. Necessity or averment of presentation for payment of an order drawn on

the commissioners in favor of the sergeant, or service of a copy of the order, entered on the minutes of the council, directing payment, is predicated on the principles declared in *State* v. *Hayes,* 30 W. Va. 107. An examination of that case, however, discloses the basis of the decision to be the statutory provisions, prescribing the mode of disbursement of county and district funds by county and district treasurers, and positively inhibiting payment otherwise than on orders or judgments and decrees. These provisions are not, in terms, applicable to the officers of municipal corporations, and the mode of disbursement of the funds of such corporations seems to be left, by the general statute, chapter 47 of the Code, as a subject for determination and regulation by ordinances of the council. The declaration does not disclose any provisions of the ordinance by or under which the commissioners were appointed, defining their powers, duties or rights as against the town, except in the general manner already indicated. It only says an ordinance, passed by the council, under which they were appointed and requiring them to execute bonds, was ratified by the voters at a special election, and they executed the official bonds, sold the municipal bonds, received the money and failed to pay over a part of it, on demand, after an order had been made and entered of record, requiring them to do so and of which they had notice. Nor is any other ordinance set forth, prescribing a particular mode of accounting or disbursement. Whether any such ordinance provisions exist, we are unable to say. The prevailing rule is that courts, other than those of the municipality, will not take judicial notice of city ordinances. Smith Munic. Cor., sec. 556, note 422; Dill. Munic. Cor., secs. 83, 413. In the absence of statutory or other provisions, introducing into the contract between the decedent and the town covenants or conditions, imposing upon the latter the duty to perform conditions precedent to the right of action, and specifying the manner of performance, a general demand, sufficient to terminate a bailment, if it were a mere bailment, is sufficient. It is not perceived how anything more could be required. If we should say the demand must be made in a particular way, that would render a demand, made in any other form, ineffectual, and there is no reason for our giving preference to one form or mode over another. If the plaintiff had assumed the necessity of making and averring the demand in a

particular manner, it could only have surmised or guessed at what, in the opinion of this Court, that manner would be, and proceeded at its peril. On the other hand, the averment of a demand in general terms, stating sufficient facts to enable the court to see that payment was requested not a mere conclusion of law, admits evidence to prove it, and exposes the defendant to no danger whatever, since the court may be trusted to say whether the facts stated amount to a request. In other words, while no particular form of demand is necessary and it is not sufficient merely to say the plaintiff demanded payment, it does suffice to aver facts from which the court may see that payment was requested. Such a request by a town council must necessarily differ in form from one made by an individual, since it must act officially and as a body. Its action is always evidenced or manifested by the adoption of a motion, order, resolution or ordinance. As this is essential, it should, of course, be averred, and, as such action could be taken in the absence of the agent, having the custody of the funds, notice to him of the action taken should be alleged. This seems to be all the rule, declared in *Board* v. *Parsons,* 22 W. Va. 308, requires. In that case, the board of education made an order requiring the sheriff to pay its school funds to his successor and caused a copy of it to be served on him, and the court said it thereupon became his duty to pay the money. Authority to pay and notice thereof and of the desire of the board that payment be made seem to have been regarded as amply sufficient to confer a right of action. Nor do we think any particular form of notice essential. No statute nor ordinance prescribes it. The case last cited does not go so far as to say that knowledge of the order to pay over the money, derived otherwise than from the service of a copy thereof, would not be sufficient. All it decides in this respect is that the making of the order and service of a copy thereof is sufficient. That any other form of notice would be insufficient is neither suggested nor implied.

It is equally unimportant and immaterial, in our opinion, that some of the counts aver notice to Fox only and his administrator, while the others aver notice to all three of the bond commissioners. Notice to one would bind them all. They acted as a body, and all stood on the same footing, no one of the three holding a superior position to, or one of authority over, the oth-

ers.   They were all responsible and legally bound to see that the trust was faithfully executed.   One of them, called upon for the performance of a trust duty that he could not perform without the aid of the others, was bound to procure their assistance, or at least request it, and his request would convey notice.

It is said the averment of an order, directing all three of the commissioners to pay over the fund, in the counts in which Fox alone is charged with having received money, vitiates those counts.   We are unable to concur in this view.   These counts make the bond commissioners joint officials, and this character is not changed by the averment that Fox alone received or had in his hands part of the money, or was liable to be proceeded against separately by reason of his having given a separate bond. His liability was one thing and the security for the faithful performance of his duty a different thing.   In charging him jointly with his associates in respect to liability, and charging him separately in respect to remedy and the security he gave, there is no inconsistency.   The differences in statement are plainly referable to the difference in status as regards liability and remedy.   An order directed to all, requiring payment, gave a right of action as to all, and the execution of separate bonds gave a right to separate actions to enforce the liability.

Another ground of criticism is found in the averment as to the form of the order, it being stated, not that the council of the town made and entered the order, but that the town of Cameron made and entred it.   We think this averment is sufficient.   A valid order could only be made by the council.   The town, as a corporation, could not act otherwise than by its council.   The council is an agency or instrumentality through which it acts. What it does by its agent, it does itself, in contemplation of law. If the making of the order by the council had been alleged, the legal effect would be that the town had made the order.   This is the primary or ultimate fact.   The means by which it was effected is mere evidence, which need not be pleaded.   *Yeager* v. *Bluefield*, 40 W. Va. 484; *Lydick* v. *Baltimore & Ohio Ry. Co.* 17 W. Va. 427; *Waggener* v. *Point Pleasant,* 42 W. Va. 798, 800.

The rejection of plea No. 3 and the finding on the evidence may be considered together.   The plea was one of confession and avoidance, showing that the money in question had been depos-

ited by the commissioners in a certain bank which had failed, and thereby inflicted a loss which, it is claimed, the commissioners cannot be required to make up. It proceeds upon the legal principle of bailment for hire, averring the duty of the commissioners to have been only that of keeping or preserving the fund for the use of the town. The evidence is in conformity with the rejected plea and the contention is that the loss of the fund in that way should exonerate the commissioners, no misconduct nor lack of care on their part being disclosed. The question thus presented is purely one of law, namely, whether the bond commissioners were bailees for hire, charged with ordinary prudence, diligence and care for the safety of the fund, or sureties, bound to account for and pay over unless prevented by an act of God or the public enemy.

By the great weight of authority, the custodian of public money is not a bailee, bound only to the exercise of a high degree of care, prudence and diligence for its safety, and excusable for the loss thereof by fire, robbery, theft or bank failure, when such loss is not in any sense due to negligence or misconduct on his part, but a debtor and insurer to the extent of the amount received, excusable for no losses except those resulting from acts of God or the public enemy. Some decisions hold the contrary, but they are comparatively few in number. In New York the declarations of the courts were for many years, somewhat contradictory and inconsistent, but, in *Tillinghast* v. *Merrill*, 151 N. Y. 135, the previous decisions were reviewed and discussed, and the question settled in conformity with the weight of authority throughout the country. In Alabama, Maine, South Carolina and Louisiana, the courts adhere to the rule of common law liability, treating the officer as a bailee for hire. But in practically all of the other states in which the question has been presented, the decisions hold the officer to the rule of strict liability. *State* v. *Clark,* 73 N. C. 255; *Inhabitants* v. *Hazzard,* 12 Cush. (Mass.) 113; *Inhabitants* v. *McEachron,* 33 N. J. L. 339; *Board &c.* v. *Jewell,* 44 Minn. 427; *County Com'r.* v. *Lineberger,* 3 Mont. 231; *State* v. *Harper,* 6 O. St. 607; *State* v. *Nevin,* 19 Nev. 162;*State* v. *Moore,* 74 Mo. 413; *Taylor Township* v. *Morton,* 37 Ia. 550; *Rock* v. *Stinger,* 36 Ind. 346; *Clay County* v. *Simondson,* 1 Dak. 403; *Lowery* v. *Polk County,* 51 Ia. 50; *Nason* v. *Poor Directors,* 126 Pa. St. 445; *State* v. *Powell,* 62

Mo. 395; *Perley* v. *Muskegon County,* 32 Mich. 132. The decisions of the United States Supreme Court are uniform to the same effect. *Boyden* v. *United States,* 13 Wall. 17; *United States* v. *Prescott,* 3 How. 578; *United States* v. *Thomas,* 15 Wall. 337; *Smith* v. *United States,* 188 U. S. 156 (47 Law Ed. 425); *American Surety Co.* v. *Pauly,* 170 U. S. 133. In some instances, the courts have excepted such custodians from the common law rule on the ground of statutory duties imposed. In others, including the federal decisions, the ground of the exception is the express contract in the bond to account for and pay over the money, and in still others, the rule of strict liability is based solely upon public policy, the courts declaring that the public good will be better subserved and the public interests safeguarded; and that the danger of loss through fraud and imposition by means of simulated robberies, thefts, burglaries and fires, under the operation of the common law rule, is so great as to justify and demand a stricter rule, even though it occasionally results in hardship and injustice. After a careful consideration of the matter, we are of the opinion that the reasons of public policy advanced in support of the rule of strict liability amply justify its adoption.

It follows from what has been said that the judgment must be affirmed.

*Affirmed.*