STATE *ex rel.* COUNTY COURT OF PRESTON COUNTY *v.* WILLIAM W. WILLIAMS *et al.*

(CC 502)

Submitted May 10, 1934. Decided June 5, 1934.

*Melvin C. Snyder* and *P. J. Crogan,* for plaintiff.

*F. E. Parrack* and *J. V. Gibson,* for defendant Wil-liams.

*Hoffheimer & Stotler,* for defendant American Surety Co. of New York.

LITZ, JUDGE:

This is an action in assumpsit in the name of the State against William W. Williams, as sheriff of Preston County from January 1, 1929, to January 1, 1933, and American Surety Company of New York, surety on his official bond (payable to "the county of Preston, State of West Virginia") for the recovery of alleged shortage in his administrative accounts. Both defendants demurred to the declaration. The surety company also filed a special plea averring that on November 30, 1931, $9,500.00 of public

funds while being conveyed by Williams to Peoples National Bank of Rowlesburg (a legal depository of and within said county beyond the county seat thereof) was forcibly stolen from him by unknown persons, and that he should not be charged with the sum so lost, in the determination of the amount, if any, the plaintiff is entitled to recover. Plaintiff demurred to the plea. The trial court sustained the demurrers to the declaration and the plea and certified its action to this court for review under Code, 58-5-2.

The ruling on the declaration is predicated upon the grounds (1) that assumpsit is not an appropriate remedy upon a bond with collateral conditions; and (2) that the action is not maintainable in the name of the state.

Counsel for plaintiff contend that the form of action is justified under Code, 55-8-2, providing that "an action of debt or assumpsit may be maintained on any note or writing, whether sealed or not, by which there is a promise, undertaking or obligation to pay money * * *", and section 3, authorizing the remedy of assumpsit "in all cases for recovery of damages for the breach of any contract, express or implied, and if in writing, whether under seal or not." The first provision is traceable to the Virginia Code of 1860; the second was enacted in 1901. Defendants, denying the propriety of the form of action, rely chiefly upon *State* v. *Harmon,* 15 W. Va. 115, decided in 1879, holding that the first enactment should be limited to cases involving contracts for the unconditional payment of money. The later act extends the remedy to all cases for the recovery of damages resulting from the breach of any contract, express or implied, and if in writing whether under seal or not. As this statute necessarily includes all cases on contract as contradistinguished from actions in tort, we cannot concur in the holding of the trial court that assumpsit will not lie upon the bond in question.

It is also insisted on behalf of the plaintiff that the action may be prosecuted in the name of the State because (1) the parties to the bond intended to make it payable to the State, and (2) it will be so treated, in the

absence of such intention, under section 1, chapter 10, Code 1923, declaring that "every bond required by law to be taken or approved by, or given before, any court, board or officer, shall, unless otherwise provided, be made payable to the State of West Virginia." Defendants reply that the bond is plainly payable to the county, in accordance with section 5, chapter 10, Code 1923, providing that "any bond to be given by an officer of a municipal corporation, *county* or district, or which may lawfully be prescribed by the ordinances, by-laws or regulations thereof may be made payable to the state as aforesaid, or to the said municipal corporation, *county* or district." This statute was abrogated by the 1931 Code. The bond being, in our opinion, payable to the county, is an action thereon in the name of the State permissible? "Upon any bond payable to the State of West Virginia, whether heretofore or hereafter taken, suits may be prosecuted from time to time in the name of the State, for the benefit of the State, or of any county, district, corporation or person injured by breach of the condition of any such bond, until damages are recovered in the aggregate equal to the penalty thereof." Code 1931, 6-2-17. As the statute authorizes suit in the name of the state only upon official bonds payable to the state, the action was improperly brought in the name of the state. *State ex rel. McDermott* v. *U. S. Fidelity & Guaranty Co.*, 85 W. Va. 720, 102 S. E. 683.

Defendants contend that the special plea presented a legal defense under Code 1931, 7-6-1, imposing the "risk and expense of making deposits in county depositories located outside of the county seat" upon "the banking institution in which the deposits are made". It is argued that the legislature, by this enactment, intended to relieve the sheriff from the risk of making deposits, by shifting the responsibility to "the banking institutions in which the deposits are made". Whether the legislature meant to impose responsibility upon depositories (outside of the county seat) for loss of public funds by the sheriff in a case as presented by the special plea, it did not, in our opinion, intend to affect the liability of the

sheriff upon his official bond. This conclusion is strengthened by Code 1931, 7-6-9, which provides: "When the sheriff shall have fully complied with all the provisions of this article, he shall not be held personally liable on account of any loss that the county or any district may sustain by reason of the default or failure of any such depository that has given bond approved by the county court."

Defendants virtually concede that under the decision in *Cameron* v. *Hicks*, 65 W. Va. 484, 64 S. E. 832, the sheriff must account for the alleged stolen money unless the statute relieves him. In point 10 of the syllabus in that case, it is decided: "For reasons of public policy, the custodian of public money is held liable and must account therefor as a debtor or insurer, notwithstanding the relation, subsisting between him and the state or municipality, is substantially that of bailment for hire, and no loss of the fund, otherwise than by an act of God or the public enemy, will relieve him from the obligation to pay it. Loss by fire, theft, burglary, bank failure or the like does not relieve him, however careful and prudent he may have been." We adhere to this ruling in the absence of legislative change.

For the reasons indicated, we affirm the rulings of the circuit court.

*Affirmed*