*State ex rel.* Wm. T. George, *Special Receiver v.* Sun Indemnity Company

(No. 8207)

Submitted September 10, 1935. Decided September 24, 1935.

*Johnson & Johnson* and *Victor H. Shaw,* for plaintiff in error.

*Wm. T. George, Richard Lee Waddell* and *Wm. T. George, Jr.,* for defendant in error.

WOODS, JUDGE:

This is an action in assumpsit against Sun Indemnity Company, a corporation, as surety on the bond of Edgar S. Phillips, a special receiver in the consolidated chancery causes of Stannard Supply Company v. Delmar Coal Company and Putzek v. Delmar Coal Company, to recover money paid under a decree, which was later set aside on appeal, to Phillips for services as special receiver, and not thereafter accounted for by him. The surety complains of a judgment for the plaintiff.

The declaration, after setting out that plaintiff has authority, or leave of court, by virtue of the terms of the decree of appointment, to institute the action, charges, among other things, that Edgar S. Phillips had been appointed special receiver, and had qualified by executing bond with defendant as surety, with condition that he, as special receiver, shall duly account for what shall come into his hands or control as such receiver and pay and apply the same from time to time as he may be directed by the court, and obey such orders as said court might make in relation to said trust, and in all respects faithfully discharge the duties of said trust; that said receiver, by a decree of court, which was thereafter reversed and set aside, was erroneously paid $4,000 for services rendered; that he was later awarded $1,000 for such services, and by such latter decree the court decreed that the $4,000 aforesaid constituted a trust fund in the receiver's hands belonging to the creditors in said consolidated causes which it required that Phillips do pay to plaintiff; that demand has been made on Phillips therefor, and that he has wholly refused and neglected to pay the same, or any part thereof, and that the sum of $3,000, with interest, remains unpaid.

Defendants' position that assumpsit is not an appropriate remedy in the present case is not well taken. *State ex rel. County Court* v. *Williams*, 115 W. Va. 204, 174 S. E. 873.

The controlling issue raised on the record is whether the direction of payment to, and the withdrawal thereunder by, Phillips, of the $4,000, separated such sum from the trust, and thus released the said surety from liability therefor under the bond. This is a matter of first impression in this State, and, so far as our search reveals, the precise question has not been passed upon by any other court.

In the case of *State ex rel. Farmer* v. *Citizens' Trust & G. Co.*, 84 W. Va. 729, 100 S. E. 685, 8 A. L. R. 79, this Court recognized the principle that, if at the time a surety assumes responsibility the fiduciary owes the estate, and is solvent and able to pay, the amount of the debt will be considered, in law and equity, as so much money in his hands as fiduciary at the time, for the proper accounting of which he and his surety on the official bond are liable. And this, according to the decisions, applies where a fiduciary, insolvent at time he qualifies as such, later comes into possession of money or property in his own right, and does not account to the estate for which he is fiduciary for any debt he might owe it. In other words, the law presumes that a fiduciary has done what it was his duty and within his power to do and holds him and his sureties responsible in case of failure so to do.

Phillips took the $4,000 subject to a possible reversal of the decree awarding same. His right thereto as against the estate and the creditors thereof was contingent upon the lapse of time in which an appeal might be taken, or an affirmance of the decree on appeal. And until such time, under the principle referred to above, he held the money subject to the trust. The effect of his ability or inability to re-pay at the time of the reversal of the decree authorizing the $4,000 fee, or the entry of the decretal judgment against him for the $3,000, in view of the continuing trust relationship, is a matter of which we are not concerned. And, the contention of the defendant that a receiver and his sureties are protected where money is, in good faith, paid out, under order of court, to third persons, even though the order is subsequently held

void on appeal, if sound, has no application to a situation such as is here presented.

Perceiving no error in the record, we affirm the judgment.

*Affirmed.*