CENTRAL HANOVER BANK AND TRUST COMPANY, Plaintiff, *v.* NATIONAL SURETY CORPORATION, Defendant.*

Supreme Court, Special Term, New York County, January 4, 1937.

* Affd., 250 App. Div. 752. See, also, Id. 841.

*Jones, Clark & Higson,* for the plaintiff.

*Mullen & Feller,* for the defendant.

VALENTE, J. Defendant surety corporation challenges the sufficiency of the complaint and moves for its dismissal. A brief review of the facts which are undisputed discloses that in February, 1931, plaintiff commenced an action to foreclose a consolidated first lien on certain hotel premises in New York city, and a receiver was appointed of the rents and profits of the premises. A bond conditioned for the faithful performance of the receiver's duties was written by the defendant surety and filed. Immediately thereupon the receiver entered into possession and so continued until the conclusion of the receivership on December 31, 1934. In August, 1934, an order was entered judicially settling an intermediate account filed by him, and allowing the receiver commissions of $47,674.54, of which sum $42,000 had previously been paid as ad interim allowances pursuant to orders of the court. The receiver then drew a check on the receivership account to his own order for the balance, viz., $5,674.54, and the check was countersigned by the defendant. Plaintiff thereupon appealed to the Appellate Division from that order and the appellate court on May 31, 1935 (*Central Hanover Bank & Trust Co.* v. *Williams,* 244 App. Div. 566), reduced the intermediate accounting commissions to $42,000. As a consequence of this direction, a money judgment representing the excess of $5,674.54 was entered in favor of the plaintiff against the receiver in October, 1935. A final account was filed by the receiver on February 1, 1935, embracing the period from June 1, 1934, to December 31, 1934. On March 11, 1935, the court entered an order judicially settling this final accounting and allowed the receiver additional commissions of $9,523.25, whereupon the receiver drew a check to his own order in that amount, which check was likewise countersigned by the defendant surety company. Plaintiff appealed from that order dated March 11, 1935, and the Appellate Division (246 App. Div. 789) reversed and ordered the account to an official referee to hear and report on the plaintiff's objections. On July 2, 1936, an order was entered fixing these commissions at $4,716.63, and directing the entry of a judgment against the receiver in plaintiff's favor for a sum representing this difference or overdraft. The judgments against the receiver remain unpaid and the plaintiff brings this action against the surety on its bond, claiming, among other things, that since the payments were made without the plaintiff's approval or consent, and prior to the expiration of the plaintiff's time to appeal from said orders fixing the commissions, the failure to restore the sum

of $10,481.16 erroneously withdrawn is tantamount to a failure by the receiver to faithfully discharge the duties of his trust.

This brings us to the question presented on this motion. Is the surety on a receiver's bond liable for his failure to make restitution of receivership money paid to himself as commissions under an order of the court, where such order is thereafter modified or reversed on appeal, resulting in a reduction of the amount of his compensation? There seems to be no case squarely in point in this State, although the question has been before the tribunals of two sister States, Kentucky and West Virginia ( *United States Fidelity & Guaranty Co. of Baltimore, Md.,* v. *Adams' Ex'rs*, 232 Ky. 104; 22 S. W. [2d] 450; *State ex rel. George* v. *Sun Indemnity Co.*, 116 W. Va. 444; 182 S. E. 584) and diametrically opposite conclusions were reached. The Kentucky court found for the surety company, stating in effect that the receiver for whose acts the surety is liable, and the person to whom the money was paid, are in law different persons and the surety would not be liable for the acts of the distributee. The West Virginia court held the surety liable on the theory that the law presumes that a fiduciary has done what it was his duty and within his power to do, and holds the surety responsible in case of his failure so to do. It points out that the protection afforded a surety where money is in good faith paid out under order of the court to third persons, subsequently held void on appeal, has no application to a situation of the kind presented here. (See, also, *Commonwealth* v. *Gould*, 118 Mass. 300.)

It should be noted in passing, however, that even in those cases the obligation contained in the bonds is not precisely the same as the condition embodied in the bond filed by the surety in this case. The condition of the bond in this case, which follows the requirements of section 976 of the Civil Practice Act, provides that the condition of the obligation is such that " if said principal shall faithfully discharge the duties of his trust as receiver then this obligation shall be void, otherwise to be in full force and effect."

I recognize that a receiver's bond differs from the usual form of probate or surrogate's bond. There is a material distinction between a bond conditioned and limited only to faithful performance, and one conditioned on obedience to orders and decrees of the court. The courts have not infrequently directed attention to this differentiation. Certainly the defendant's liability as surety must be found within its contract of indemnity, and unless failure to pay the judgments by the receiver and restore the overdraft of commissions can be construed as a failure to properly discharge his duties as receiver, no liability can be fastened upon the defendant. (*Coe* v. *Patterson*, 122 App. Div. 76; *Thomson*

v. *MacGregor*, 81 N. Y. 592.) The defendant urges there has been no failure on the part of the receiver in his representative capacity to perform faithfully the duties of his trust, and that when the commissions were disbursed pursuant to a court order by the receiver in his representative capacity to himself personally the liability of the surety terminated, and that to hold the surety liable for a refund of these commissions would be in effect changing the terms of the bond to include an obligation for the acts of the receiver as an individual.

The principal authority relied upon by the defendant to support its position is *Lesster* v. *Lawyers' Surety Co.* (50 App. Div. 181, 187), a case somewhat but not entirely analogous, which, among other things, reviews the limitations imposed by a receiver's bond. There the bond executed for the receiver of rents in a mortgage foreclosure action was conditioned for the faithful discharge of his duties. The receiver pursuant to court order paid to a Mrs. Harris, the plaintiff in the original action, the bulk of the balance of the moneys in his hands, although one Lesster also laid claim to it. The order was subsequently reversed on appeal and Lesster brought an action against the surety on the receiver's bond upon the allegation that there had been a breach thereof by his refusal to pay to Lesster the sum ordered by the appellate court. The Appellate Division held that the surety company might in an action to charge it with liability show that the receiver's apparent disobedience to the order was due to the fact that he had previously disbursed all the moneys in his hands pursuant to another valid prior order of the court, and the fact that the order was thereafter reversed on appeal did not prevent it from constituting a perfect protection to the receiver and his surety, unless it was shown that the payment was not made in good faith. Certainly, logical reasoning must inevitably support such a conclusion, for where a receiver in good faith pays out to a third party under order of the court, neither he nor his surety should be placed in jeopardy by a subsequent reversal of the order.

The question here, however, is different. The receiver did not disburse to a third party but to himself. A careful examination of the opinion in the *Lesster* case seems to indicate, if not emphasize that distinction, for the court there in discussing the payment by the receiver said, " If the receiver would have this privilege, much more should an opportunity be given to the surety to show that the receiver had in fact faithfully discharged his duties by obeying a valid order of the court and thereby denuding himself of the fund out of which the payment was ordered."

The receiver here has not really " denuded " himself of the fund unless we subscribe to the theory that the receiver acting in his

representative capacity is a personality when he disburses commissions distinct from the individual who receives them. I cannot conclude that the effectiveness of the bond should be destroyed by indulging in a hypothesis founded on what seems to me is a sheer artificiality.

In *Commonwealth* v. *Gould* (118 Mass. 300) the court said: " The case falls within the general rule of law, that when the same person is liable to pay money in one capacity, and to recover it and account for it in another, the law presumes that he has done what it was his duty and within his power to do, and holds him and his sureties responsible in case of his failure to do it."

This view certainly seems to be more consonant with my understanding, and the commonly regarded import of the phraseology " faithfully discharge " It is difficult to imagine faithful performance on the part of a fiduciary when he fails to restore to the trust account a sum representing the reduction of his compensation as ultimately determined by an appellate court. The words " faithfully discharge " must have some real significance.

The motion to dismiss the complaint is denied and the defendant allowed twenty days to answer.

Settle order on notice.